TERRENCE J. EDWARDS (Utah State Bar No. 09166)
BRETTON L. CROCKETT (Utah State Bar No. 08573)

**TECHLAW VENTURES, PLLC**
3290 West Mayflower Ave.
Lehi, Utah 84043
Telephone: (801) 854-7675
Facsimile: (801) 852-8203

Attorneys for Plaintiff Young Living Essential Oils, LC

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

---

| | |
|---|---|
| **YOUNG LIVING ESSENTIAL OILS, LC,** a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> **EDENS GARDEN ESSENTIALS INC.**, a **California Corporation**, <br><br> Defendant. | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 8,939,669; AND UNJUST ENRICHMENT** <br> **(Jury Trial Demanded)** <br><br> Civil No. _____ <br><br> Judge _____ |

Plaintiff YOUNG LIVING ESSENTIAL OILS, LC (hereinafter referred to as "Plaintiff" or "YOUNG LIVING") by and through its counsel, TechLaw Ventures, PLLC, hereby files this Complaint and makes the following allegations of infringement of U.S. Patent No. 8,939,669 (hereinafter referred to as "the '669 Patent") against Defendant EDENS GARDEN ESSENTIALS INC. (hereinafter "Defendant" or "EDENS GARDEN") and alleges as follows.

## NATURE OF THE ACTION

1. YOUNG LIVING is an innovator and market leader in the essential oils industry and beyond. YOUNG LIVING has developed and commercialized a myriad of different products, including essential oil blends and roll-on products, which can be viewed at https://www.youngliving.com/us/en/.

2. Years ago, Gary Young (one of YOUNG LIVING's founders), discovered a wide disparity in essential oil quality. He realized he needed to work with oils of the highest purity and potency, so he established a set of standards that later became the Science pillar of our Seed to Seal quality commitment. It was this standard that guided Gary as he and his wife, Mary, established their first lavender farm in St. Maries, Idaho. Two years later, in 1994, they founded YOUNG LIVING. Relying on Mary's keen, human-focused business instincts and on Gary's vast knowledge of botanicals, distillation, and essential oil analysis, they built YOUNG LIVING. YOUNG LIVING is known as the pioneer and standard bearer of the modern essential oils movement-one that has enhanced and empowered lives around the world by sharing the benefits of essential oils. YOUNG LIVING has revolutionized the essential oils industry in introducing many popular products. Because of its innovative technology, YOUNG LIVING's products have been well received in the marketplace.

3. YOUNG LIVING's creative achievements have resulted in significant intellectual property protection for its innovations, including utility and design patents, trademarks, and trade dress protection. Nevertheless, YOUNG LIVING's innovations have been the subject of widespread emulation by its competitors, who have attempted to capitalize on YOUNG LIVING's success by imitating YOUNG LIVING's innovative technology, distinctive designs, and elegant and distinctive products.

4. One imitator is Defendant EDENS GARDEN, which recently introduced and started selling several products that include YOUNG LIVING's patented roller ball technology, including, *inter alia*, at least Essential Oil Roll-Ons products shown in Exhibit A and found on EDENS GARDEN website at: https://www.edensgarden.com/collections/roll-ons?sort_by=manual&page=1; https://www.edensgarden.com/collections/roll-ons?sort_by=manual&page=2; https://www.edensgarden.com/collections/roll-ons?sort_by=manual&page=3; https://www.edensgarden.com/collections/roll-ons?sort_by=manual&page=4; and https://www.edensgarden.com/blogs/news/your-eo-cheat-sheet-where-to-apply-roll-ons.

5. Instead of pursuing independent product development, Defendant has chosen to copy YOUNG LIVING's innovative technology in violation of YOUNG LIVING's valuable intellectual property rights. As alleged below, Defendant has made its Essential Oil Roll-On products and distributed them using roller ball technology that works like YOUNG LIVING's roller ball patented products through widespread patent infringement.

6. By this action, YOUNG LIVING seeks to stop Defendant's illegal conduct and obtain compensation for the violations that have occurred thus far.

**PARTIES**

7. Plaintiff, YOUNG LIVING ESSENTIAL OILS, LC, is a Utah limited liability company having a business address at 1538 W. Sandalwood Drive, Lehi, Utah 84043.

8. Upon information and belief, Defendant, EDENS GARDEN ESSENTIALS, is a California corporation having a business address at 1322 Calle Avanzado, San Clemente, California 92673.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction over this action pursuant to the laws of the United States, including title 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1367 (supplemental jurisdiction), and pursuant to Plaintiff's causes of action identified below under 35 U.S.C. § 271 (patent infringement).

10. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

11. Defendant is subject to both specific and general personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendant has committed acts within the State of Utah and this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has (i) availed itself of the rights and benefits of the laws of the State of Utah. (ii) transacted, conducted, and/or solicited business and engaged in a persistent course of conduct in the State of Utah and in this District, (iii) derived substantial revenue from the sales and/or use of products, such as the accused products, in the State of Utah and in this District, (iv) purposefully directed activities, directly and/or through intermediaries, such as shipping, distributing, offering for sale, selling, and/or advertising the accused products, at residents of the State of Utah and residents of this District, (v) delivered accused products into the stream of commerce with the expectation that the accused products will be used and/or purchased by consumers in the State of Utah and in this District, and (vi) committed acts of patent infringement in the State of Utah and in this District.

12. Such infringing products have been offered for sale and sold in this State through Defendant's website, including, but not limited to: https://www.edensgarden.com/.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant has done business, has infringed, and continues to infringe Plaintiff's patent within this District, and this action arises from transactions of that business and that infringement.

**GENERAL ALLEGATIONS**

**YOUNG LIVING's PATENT**

14. On January 27, 2015, U.S. Patent No. 8,939,669, entitled ROLLER-BALL APPLICATOR ASSEMBLY FOR TOPICAL OILS APPLICATION was duly and legally issued to YOUNG LIVING ESSENTIAL OILS, LC naming Son Q. Le, Cole Woolley, Marc Schreuder, and John Wetten as inventors. The entire right, title, and interest to the '669 Patent is assigned to and owned by YOUNG LIVING ESSENTIAL OILS, LC. YOUNG LIVING maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States products covered by the '669 Patent. YOUNG LIVING also owns the right to enforce the '669 Patent for patent infringement. A true and correct copy of the '669 Patent is attached as Exhibit B.

15. The '669 Patent is issued for innovative, novel, and proprietary applicator devices for applying topical oils to an individual. The applicator device may include a topical oil container, and a roller-ball applicator coupled to the container. The roller-ball applicator may include a roller-ball housing that includes a well configured to hold topical oil for application to an individual regardless of the orientation of the roller-ball applicator, and a roller-ball within the

housing. The roller-ball may be freely rotatable within the housing. FIG. 2 of the '669 Patent illustrates an exemplary device and is shown below for reference.



FIG. 2

16. Independent claim 1 is representative of a device claimed in the '699 Patent and includes the following claim elements:

> 1. A device for applying topical oils to an individual, the device comprising:
>    a roller-ball housing having an inner cavity adapted to hold a roller-ball, the inner cavity having an inner surface that approximates the exterior shape of a roller-ball, the inner surface having a substantially vertical surface when the roller-ball housing is in an upright position, the substantially vertical surface transitioning into an inwardly-slanted surface;
>    an annular well formed in the inner surface of the inner cavity, the inwardly-slanted surface of the inner surface of the inner cavity transitioning into an inner surface of the annular well; and
>    a roller-ball disposed within the inner cavity of the roller-ball housing.

17. Independent claim 7 is representative of a method claimed in the '669 Patent and includes the following claim elements:

> 7. A method of applying topical oil to an individual, the method comprising:

>   coupling a roller-ball assembly to a container of topical oil, the roller-ball assembly having an inner cavity housing a roller-ball, the inner cavity having an inner surface that approximates the exterior shape of a roller-ball, an annular well being formed in the inner surface, the inner surface having a substantially vertical surface when the roller-ball assembly is in an upright position, the substantially vertical surface transitioning into an inwardly-slanted surface, the inwardly-slanted surface transitioning into an inner surface of the annular well; and
>
>   moving the roller-ball assembly such that the roller-ball rotates within the roller-ball assembly and delivers oil to the skin of the individual.

18. Independent claim 16 is representative of an applicator for topical oil claimed in the '669 Patent and includes the following claim elements:

>   16. An applicator for topical oil, the apparatus comprising:
>   a roller-ball housing having an inner cavity adapted to hold a roller-ball, the inner cavity having an inner surface that approximates the exterior shape of a roller-ball, the inner surface having a substantially vertical surface when the roller-ball housing is in an upright position, the substantially vertical surface transitioning into an inwardly tapered section;
>   a well formed in the inner surface of the inner cavity, the inwardly tapered section of the inner surface of the inner cavity transitioning into an inner surface of the well; and
>   a roller-ball disposed within the cavity of the roller-ball housing.

19. Independent claim 21 is representative of another applicator for topical oil claimed in the '669 Patent and includes the following claim elements:

>   21. An applicator for topical oil, the apparatus comprising:
>   a roller-ball housing having an inner cavity adapted to hold a roller-ball, an inner surface of the inner cavity having a substantially vertical surface when the roller-ball housing is in an upright position, the substantially vertical surface transitioning into an inwardly slanted surface;
>   a well formed in the inner surface of the inner cavity; and
>   a roller-ball disposed within the cavity of the roller-ball housing, the well formed such that an upper edge of the well does not contact the roller-ball, wherein the inwardly-slanted surface of the inner surface of the inner cavity transitions to an inner surface of the well at the upper edge of the well.

20. Independent claim 23 is representative of a topical applicator for oil claimed in the '669 Patent and includes the following claim elements:

    23. A topical applicator for oil, the topical applicator comprising:
        a roller-ball;
        a roller-ball housing having a retainer lip, a lower seat, and an inner cavity interposed therebetween, the inner cavity being configured to receive the roller-ball, the retainer lip having a diameter that is less than a maximum diameter of the roller-ball, and the lower seat having a diameter that is less than the diameter of the retainer lip, wherein, when the roller-ball housing has an upright orientation, the roller-ball is in contact with the lower seat and, when the roller-ball housing has an overturned orientation, the roller-ball is in contact with the retainer lip; and
        an annular well formed on an inner surface of the inner cavity, the annular well for holding an oil such that the oil is able to flow into the annular well when the roller-ball housing is in the overturned orientation and, when the roller-ball housing is in the upright orientation, the lower seat is adapted to prevent the held oil from exiting the inner cavity via the lower seat but the annular well is adapted to allow the held oil to transfer from the annular well to the outer surface of the roller-ball as the roller ball is rotated within the inner cavity.

21. Upon information and belief, Defendant has knowledge of the '669 Patent.

22. Upon information and belief, Defendant imports, makes, uses, sells, and/or offers to sell and/or induces others to import, make, use, sell and/or offer to sell, applicator devices for applying topical oils to an individual, which embody and/or use the invention(s) claimed in the '669 Patent.

23. Defendant is presently engaged in manufacturing, selling, and/or importing roll-on products to disseminate and apply essential oils that read on the claims of the '669 Patent. Defendant's roll-on products are infringing upon YOUNG LIVING's valuable patent rights contained in the claims, including at least claims 1, 7, 16, 21, and 23, of the '669 Patent.

24. Defendant's infringement of YOUNG LIVING's utility patent identified in this Complaint provides Defendant with unique functionality for its products that was the result of YOUNG LIVING's efforts and innovation, not Defendant's efforts or innovation.

25. Defendant has not obtained YOUNG LIVING's permission to use its invention identified in the '669 patent.

**EDENS GARDEN'S KNOWLEDGE OF YOUNG LIVING'S '669 PATENT**

26. By way of a letter dated April 26, 2024, Chris Patterson, Sr. Corporate Counsel for YOUNG LIVING, notified EDENS GARDEN that its Essential Oil Roll-On products were infringing at least independent claim 1 of YOUNG LIVING's '669 Patent.

27. On May 15, 2024, Andrew R. Nelson, counsel for Defendant, responded to YOUNG LIVING's April 26, 2024, letter by stating that "Edens Garden is investigating the claims in your letter concerning US Patent No. 8,939,669. Edens Garden does respect valid and enforceable third-party patent rights. Edens Garden, however, is not the manufacturer of the accused product. For that reason, it does not yet have enough information to respond to your letter. Although you requested a response by May 17, 2024, we are not able to provide a substantive response by then. We do expect to respond to your letter by the end of the month and will advise you if we need more time. We thank you in advance for your courtesy."

28. On June 7, 2024, Chris Patterson followed up with Andrew Nelson via email stating that no response had been received by the end of May as stated in Andrew Nelson's May 15, 2024, letter.

29. On June 7, 2024, Andrew Nelson responded via email to Chris Patterson and noted: "Thanks for checking in. I have no further information as of yet. I have been attempting to get in touch with my client's supplier's legal counsel and awaiting that connection. It has gone slower than expected, but I'll continue to seek their audience. As you can imagine, any resolution is going to require the supplier's participation."

30. To-date, YOUNG LIVING has not received any additional communications from EDENS GARDEN or its counsel.

## **FIRST CAUSE OF ACTION**

### **PATENT INFRINGEMENT OF THE '669 PATENT**
### **(35 .S.C. § 271)**

31. Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

32. Defendant is infringing, contributing to the infringement of, and/or inducing infringement of the '669 Patent in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling offering for sale, and/or importing infringing products, including, but not limited to the infringing products known as the Essential Oil Roll-Ons, which are shown in Exhibit A (hereinafter referred to as the "Infringing Products").

33. Defendant's Infringing Products infringe at least one or more of claims 1, 2, 3, 4, 5, and 6; claims 7, 8, 9, 10, 11, 12, 13, 14, and 15; claims 16, 17, 18, 19, and 20; claims 21 and 22; and claims 23, 24, 25, and 26 of the '669 Patent.

34. By virtue of the United States Patent and Trademark Office's issuance of the '699 Patent, each of the claims in the '669 Patent was shown to be useful, novel, non-obvious, inventive, and innovative over at least the disclosures provided in the prosecution history.

35. Upon information and belief, Defendant has knowledge of the '669 Patent and is infringing despite such knowledge. This infringement has been and continues to be willful and deliberate.

36. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

37.     Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '669 Patent.

## SECOND CAUSE OF ACTION
## (UNJUST ENRICHMENT)

38.     Plaintiff hereby realleges and incorporates by this reference the preceding paragraphs as if fully set forth herein.

39.     As a result of the conduct alleged herein, Defendant has been unjustly enriched to YOUNG LIVING's detriment. YOUNG LIVING seeks an accounting and disgorgement of all ill gotten gains and profits resulting from Defendant's inequitable activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      An entry of final judgment in favor of Plaintiff and against Defendant;

B.      A judgment that Defendant has infringed one or more of the claims of YOUNG LIVING's asserted patent, namely the '669;

C.      An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of YOUNG LIVING's asserted patent;

  D. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

  E. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful and intentional nature of Defendant's acts;

  F. Awarding Plaintiff its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285;

  G. An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing Plaintiff's asserted '669 Patent, from committing any other unfair business practices directed toward obtaining for themselves the business and customers of YOUNG LIVING; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of YOUNG LIVING;

  H. Cost of suit and reasonable attorneys' fees; and

I. Such other further relief as Plaintiff is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

DATED this 16th day of July 2024.

        TECHLAW VENTURES, PLLC

        /s/ Terrence J. Edwards
        Terrence J. Edwards

        Attorneys for Plaintiff
        YOUNG LIVING ESSENTIAL OILS, LC
        3290 West Mayflower Ave
        Lehi, UT 84043
        Telephone: (801) 854-7675
        Facsimile: (801) 852-8203

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues raised in the Complaint that are so triable.

DATED this 16th day of July 2024.

                                           TECHLAW VENTURES, PLLC

                                           /s/ Terrence J. Edwards
                                           Terrence J. Edwards

                                           Attorneys for Plaintiff
                                           YOUNG LIVING ESSENTIAL OILS, LC
                                           3290 West Mayflower Ave
                                           Lehi, UT 84043
                                           Telephone: (801) 854-7675
                                           Facsimile: (801) 852-8203